SUMMARY ORDER

Petitioner, Yong Gang Zou, a native and citizen of China, seeks review of an April 17, 2007 order of the- BIA affirming the June 28, 2005 decision of Immigration Judge (“IJ”) Brigitte Laforest pretermit-ting petitioner’s asylum application and denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Yong Gang Zou, No. A 97 240 808 (B.I.A. Apr. 17, 2007), aff'g No. A 97 240 808 (Immig. Ct. N.Y. City June 28, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of the ease.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. U.S. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in pari on other grounds by Shi Liang Lin v. U.S. Dept. of Justice, 494 F.3d 296, 305 (2d Cir.2007).
Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency’s finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D) to review constitutional claims and “questions of law,” the petitioner in this case has challenged only purely factual determinations underlying the asserted asylum claim. The Court therefore lacks jurisdiction to review the agency’s denial of asylum. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 326-29 (2d Cir.2006), and to that extent the petition is dismissed.
With respect to Zou’s withholding of removal and CAT claims, substantial evidence supports the agency’s adverse credibility determination, which was based on: (1) Zou’s demeanor, which the IJ found to be evasive and unresponsive; and (2) the implausibility that Zou could not remember any details concerning two incidents material to his claim. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang, 386 F.3d at 73 & n. 7.
This Court affords significant deference to the agency’s determinations regarding demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005); Zhou Yun Zhang, 386 F.3d at 73-74. Here, the record evidence supports the IJ’s demeanor finding where Zou failed to respond directly to questions, failed to answer some questions, and continually repeated questions. Substantial evidence also supports the IJ’s implausibility findings. Id. The agency appropriately found implausible Zou’s testimony that (1) he was arrested as a result of a conversation with a coworker but could not remember any details of the conversation except that it was about Falun Gong; and (2) he was hospitalized for a week but could not identify the extent of his injury or the treatment received as related to the length of his *682 hospital stay. See Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir.2007).
To the extent that Zou challenges the agency’s other findings supporting the adverse credibility determination, we decline to consider these arguments because, even if there were error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. See Xiao Ji Chen, 471 F.3d at 339. Ultimately, substantial evidence supports the IJ’s adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang, 386 F.3d at 73 & n. 7. Because the only evidence that Zou’s life or freedom would be threatened or that he was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the withholding of removal and CAT claims. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).